UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 2/28/96**

PETER MITCHELL,      )
                                    )
     Plaintiff-Appellant,      )
                                    )
vs.                                 )      No. 95-1355
                                    )      (D.C. No. 94-Z-1515)
JOHN SIMONET, F.J. OLIVA, and      )      (D. Colo.)
T.A. SASIM,                       )
                                    )
     Defendants-Appellees.      )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

Plaintiff Peter Mitchell, appearing pro se, filed three separate civil rights actions under 42 U.S.C. § 1983 in the district court, challenging various conditions of confinement at the Denver County, Colorado jail. Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12. The district court consolidated Plaintiff's actions and referred them to a magistrate for recommendation. The magistrate considered matters outside the pleadings and construed the Defendants' motion as one for summary judgment under Fed. R. Civ. P. 56. The magistrate

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

recommended that the Defendants' motion be granted. The district court adopted that recommendation over Plaintiff's objection. Plaintiff appeals, challenging only that portion of the district court's order dismissing Plaintiff's claim that Defendants violated his constitutional rights by failing to furnish him toothpaste, daily showers, and other hygienic items. Our jurisdiction arises under 28 U.S.C. § 1291. We review de novo, Hayes v. Marriott, 70 F.3d 1144, 1146 (10th Cir. 1995), and affirm.

We have reviewed the parties' briefs, pleadings, affidavits, and the entire record before us. We agree with the district court substantially for the reasons set forth in its order adopting the magistrate's recommendation. Vol. I, docs. 43, 50. The Constitution does not protect every "change in the conditions of confinement having a substantial adverse impact on the prisoner." Meachum v. Fano, 427 U.S. 215, 224 (1976). In Sandin v. Conner, 115 S. Ct. 2293 (1995), the Supreme Court admonished federal courts not to become involved in daily prison operations which would further limit scarce judicial resources. Id. at 2299. To do so would--

> run counter to the view expressed in several [Supreme Court] . . . cases that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims . . . .

Id. (citations omitted).  Nearly fifty years ago, the Supreme Court recognized that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."  Price v. Johnston, 334 U.S. 266, 285 (1948).  The conditions about which Plaintiff complains are normal incidents of prison life.  Accordingly, the judgment of the district court is

      AFFIRMED.

                                          Entered for the Court,

                                          Bobby R. Baldock
                                          Circuit Judge